UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ x

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |
| ------------------------------------------------------------ | |
| This Document Relates to: | Judge David R. Herndon |

*Madeline Wooten, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-12572-DRH-PMF[1]

*Trachelle Riley et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-12938-DRH-PMF[2]

*Paulette Hardy et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:12-cv-11108-DRH-PMF[3]

*Amber Gregory v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-13170-DRH-PMF

*Brandi Looney v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-11720-DRH-PMF

*Erica Matysiak-Walton v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-10755-DRH-PMF

*Johanna Wright v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-13015-DRH-PMF

---

[1] This Order applies to plaintiff Rebekah Dean only.
[2] This Order applies to plaintiff Sharon Lane only.
[3] This Order applies to plaintiff Jenna Warren only.

1

## ORDER

**HERNDON, Chief Judge:**

In the above captioned cases, Bayer has filed motions to show cause why the claims of certain plaintiffs should not be dismissed for failure to comply with the document preservation requirements in Case Management Order Number 61 ("CMO 61") (Doc. 2740). Specifically, Bayer's motions to show cause relate to the subject plaintiffs alleged failure to comply with the requirements of CMO 61 § I.D.[4] Bayer's motions to show cause seek dismissal of the subject plaintiffs' claims in accord with the provisions of Section I.E. of CMO 61.[5]

Pursuant to Section I.E. of CMO 61, each plaintiff had 30 days to respond to Bayer's motion to show cause. With one exception, none of the subject plaintiffs filed any such response. The only plaintiff that filed a response was Erica Matysiak-Walton (3:11-cv-10755 Doc. 11). In her response, Ms. Matysiak-Walton does not dispute any of the assertions in Bayer's motion to show cause and asks the Court to dismiss her case (3:11-cv-10755 Doc. 11).

---

[4] Section I.D. relates to the service of copies of Notices upon Bayer counsel.
[5] Pursuant to Section I.E of CMO 61, Gallbladder Plaintiffs who fail to fully comply with these requirements shall be given notice of such failure by e-mail or fax from Defendant's Liaison Counsel or his designee and shall be provided ten (10) additional days to cure such deficiency ("Cure Period")." Section I.E. goes on to provide that "[n]o other extensions will be granted unless agreed to by all Parties"; "[i]f Plaintiff fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel or his designee may file a Rule to Show Cause why the Gallbladder Claim should not be dismissed with prejudice"; "[p]laintiff shall thereupon have thirty (30) days to respond to the Rule to Show Cause"; and "[a]ny failure to respond to the Motion within the required period of time shall lead to the dismissal of the Gallbladder Claim with prejudice, except for good cause shown."

At the expiration of the 30 day responsive pleading time, the motions were considered by Special Master Stephen Saltzburg.[6] Special Master Saltzburg reviewed the pleadings and the requirements of CMO 61 and filed a report and recommendation regarding each motion to show cause. The parties were then given 14 days to respond or object to Special Master Saltzburg's report and recommendation.

In each case, Special Master Saltzburg found that the subject plaintiff failed to comply with the requirements of CMO 61 and recommended that the subject plaintiff's claims be dismissed with prejudice in accord with the requirements of CMO 61. Further, in each case, the 14 day deadline for responding or objecting to the Special Master's report has expired. None of the subject plaintiffs has responded or objected in any way.

Upon consideration of Bayer's motions to dismiss, the Special Master's report and recommendations, and the requirements of CMO 61, the Court finds that each subject plaintiff has failed to comply with Section I.D. of CMO 61. Therefore, the above captioned plaintiffs' claims are subject to with prejudice dismissal (see section I.E. of CMO 61).

---

[6] Section III of CMO 61 provides as follows: "The Court, by this Order, appoints Professor Stephen Saltzburg as Special Master to hear all motions regarding compliance with this Order, including motions directed to the sufficiency of the expert reports required under subparagraphs II (A) (5) and (6) above, and to recommend to this Court a ruling on each of the motions." (Doc. 2740 § III).

Specifically, with regard to each of the above captioned plaintiffs, **the Court finds as follows**:

*Madeline Wooten, et al. v. Bayer Pharmaceuticals Inc., et al. HealthCare* **No. 3:11-cv-12572-DRH-PMF**

Plaintiff Rebekah Dean failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same at the **close of the case.**

*Trachelle Riley et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* **No. 3:11-cv-12938-DRH-PMF**

Plaintiff Sharon Lane failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same at the **close of the case.**

*Paulette Hardy et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:12-cv-11108-DRH-PMF

Plaintiff Jenna Warren failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same at the **close of the case.**

*Amber Gregory v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-13170-DRH-PMF

Plaintiff Amber Gregory failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims (and the consortium claims of the plaintiff's husband, William Gregory) are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

*Brandi Looney v. Bayer HealthCare Pharmaceuticals Inc., et al.* **No. 3:11-cv-11720-DRH-PMF**

Plaintiff Brandi Looney failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

*Erica Matysiak-Walton v. Bayer HealthCare Pharmaceuticals Inc., et al.* **No. 3:11-cv-10755-DRH-PMF**

Plaintiff *Erica Matysiak-Walton* failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

*Johanna Wright v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-13015-DRH-PMF

Plaintiff *Johanna Wright* failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

 

**SO ORDERED:**

David R. Herndon
2013.11.20
23:49:12 -06'00'

**Chief Judge**                                                                                                             Date: November 20, 2013
**United States District Court**